The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Theresa B. Stephenson and the briefs and oral arguments on appeal. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the entire record of evidence, the Full Commission reverses the holding of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 5 May 1999 and subsequent thereto, and in a Pre-Trial Agreement admitted into evidence as Stipulated Exhibit #1, as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer on 24 October 1996.
3. Casualty Reciprocal Exchange is the carrier at risk.
4. Plaintiffs average weekly wage on 24 October 1996 was $515.81, yielding a compensation rate of $343.89 per week.
5. Defendants initially issued compensation benefits pursuant to a Form 63 dated 23 December 1996 and did not thereafter deny the claim within the statutory period provided by G.S. 97-18.
6. Defendants paid plaintiff temporary total disability from 9 December 1996 through 22 December 1996 and from 16 January 1997 and continuing. Defendants paid plaintiff temporary partial disability from 23 December 1996 through 15 January 1997.
7. The Full Commission takes Judicial Notice of the Order by Deputy Commissioner Doug Berger, filed 17 August 1998; and the Administrative Decision and Order by Special Deputy Commissioner Ronnie Rowell, filed 15 February 1999.
8. Plaintiffs medicals and rehabilitative notes are admitted into evidence as Stipulated Exhibit #2.
9. The following Industrial Commission Forms are admitted into evidence: Form 19, Form 63, Form 28T, Form 18, Form 28, Form 62, Form 33, dated 5 March 1999, Form 24, dated 10 December 1998, Form 24, dated 22 February 1999, Form 33 dated, 10 March 1999 and Form 33R.
 *********** RULINGS ON EVIDENTIARY MATTERS
The objections contained within the depositions of Dr. William Lestini, Dr. Michael Gwinn, Dr. Charles Cook and Ronald E. Alford are ruled upon in accordance with the applicable provision of the law and the Opinion and Award in this case.
 ***********
Based upon the entire record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. On 24 October 1996, plaintiff was a 45 year-old male employed by defendant-employer as a mechanic. As of that date, plaintiff had been employed in that capacity for approximately twenty-five (25) years. His duties required the lifting of parts or machinery weighing as much as one-hundred (100) pounds.
2. Plaintiff has a limited ability to read and write and has no formal education beyond the sixth grade.
3. On 24 October 1996, plaintiff sustained an injury arising out of his employment when the iron bar he was using to replace a lower ball joint suddenly gave way, and he experienced the immediate onset of pain in his lower back. This injury was deemed compensable when defendants failed to accept or deny the claim within the statutory time period after filing an Industrial Commission Form 63.
4. The events which resulted in plaintiffs injury on 24 October 1996 constituted the introduction of unusual circumstances into his work routine. Accordingly, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. In the alternative, because plaintiffs injury was to his back, plaintiff sustained a specific traumatic incident of the work assigned.
5. Following his injury, plaintiff was successful for a period of time in his attempt to continue working. However, due to ongoing pain, plaintiff sought medical treatment from Dr. Bernard Bennett on 27 November 1996. Plaintiff informed Dr. Bennett that he was experiencing pain on his left side and cramps in his shoulders.
6. Plaintiff was later examined by Dr. Henry J. Adomonis, who worked in Dr. Bennetts practice. Dr. Adomonis prescribed physical therapy and removed plaintiff from work for the period of 27 January 1997 through 14 February 1997.
7. Plaintiff next sought treatment from Dr. Michael Gwinn in March 1997. Multiple MRIs and other testing revealed that plaintiff had a multi-level lumbar degenerative disk disease which had been aggravated.
8. As of 2 April 1997, plaintiff continued to experience significant back pain that was also adversely affecting his sleep. On that date, Dr. Gwinn diagnosed plaintiff as having chronic mechanical back pain, opined that his condition could be aggravated through the mechanical use of his back and removed him from work for a period of three (3) weeks.
9. As of 23 April 1997, plaintiff continued to experience radiating pain from his back into his legs. On that date, Dr. Gwinn released plaintiff to light duty work, and restricted him from lifting no more than fifteen to twenty (15-20) pounds occasionally. Dr. Gwinn also recommended that he change positions as needed and avoid frequent bending and twisting. With these restrictions, defendant-employer did not have suitable work available for plaintiff.
10. On 2 July 1997, plaintiff underwent a functional capacity evaluation which indicated that he was capable of performing light to medium physical level work. Notes from the evaluation indicate that plaintiff was cooperative, pleasant and that he participated in all tests.
11. Following the functional capacity evaluation, on 6 August 1997, Dr. Gwinn assigned plaintiff permanent restrictions of avoiding frequent bending and twisting at the waist, no pulling over thirty-five (35) pounds or pushing over forty-five (45) pounds. Plaintiff was also restricted to lifting no more than twenty-five (25) pounds with his leg or torso, to lifting no more than fifty (50) pounds with his shoulders, to lifting no more than forty-five (45) pounds overhead and to carrying no more than thirty-five (35) pounds. Dr. Gwinn also opined that it was "likely that plaintiff had reached maximum medical improvement and, if so, would assign a ten percent (10%) permanent partial disability rating.
12. In August 1997, Mr. Ronald Alford, a Certified Rehabilitation Counselor with Southern Rehabilitation Network, was assigned to assist plaintiff in finding suitable employment. Mr. Alford located approximately twelve (12) job leads for plaintiff who attended many interviews. However, no job was ever officially offered to plaintiff due to his physical condition and restrictions resulting from his 24 October 1996 compensable injury. Furthermore, in no manner were plaintiffs actions regarding these job leads inappropriate and he did not constructively refuse suitable employment.
13. In addition to Mr. Alfords efforts, plaintiff located a job lead on his own in December 1997, but was not offered the position due to his physical condition and symptoms.
14. Plaintiff has made a reasonable effort to locate suitable employment on his own and through the leads provided to him by Mr. Alford since he was first medically removed from work by Dr. Adomonis on 27 January 1997.
15. The actions of plaintiffs counsel regarding Mr. Alfords rehabilitation efforts were reasonable and did not interfere with the rehabilitation process or with plaintiffs treatment in any other manner.
16. On 6 October 1998 plaintiff underwent an IME by Dr. William Lestini. Dr. Lestini found bulging discs and diagnosed plaintiff with chronic mechanical back pain.
17. Plaintiff also sought treatment for his back from Dr. Charles Cook, a specialist in internal medicine. Dr. Cook noted that plaintiffs complaints of pain increased during treatment, even to the extent that breathing was causing him pain, and prescribed medication. However, this medication made plaintiff dizzy and drowsy and adversely affected his ability to drive. Dr. Cook advised plaintiff to change the type of work he performed and to avoid heavy lifting.
18. Because no job was ever offered to plaintiff, it cannot be found that he unjustifiably refused suitable employment.
19. On the date of the hearing before the Deputy Commissioner, plaintiff stood for most of the session because it was painful for him to sit for more than fifteen to twenty minutes at a time. Plaintiffs pain is constant and severe.
20. Dr. Gwinns opinion that plaintiff had "likely reached maximum medical improvement is not given weight. This is so because it is clear from the evidence that plaintiff continues to experience debilitating pain as the result of his 24 October 1996 injury by accident.
21. The Full Commission gives greater weight to the testimony and opinions of Dr. Cook as opposed to testimony and opinions of Dr. Gwinn and Mr. Alford.
22. At issue in this matter is the designation of a primary treating physician for plaintiff. Based upon the lay and medical evidence of record, the Full Commission finds that Dr. Cook should be designated as plaintiffs primary treating physician.
23. As the result of his 24 October 1996 injury by accident, plaintiff has been incapable of earning wages in his former position with defendant-employer or in any other employment for the period of 27 January 1997 through the present and continuing.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 24 October 1996 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S.97-2(6). In the alternative, on that date, plaintiff sustained a specific traumatic incident of the work assigned. Id.
2. Plaintiff has cooperated with the rehabilitation efforts of defendants and has not constructively or otherwise refused suitable employment. G.S. 97-25; G.S. 97-32.
3. As the result of his 24 October 1996 injury by accident, plaintiff is entitled to be paid by defendants ongoing total disability compensation at the rate of $343.89 per week for the period of 27 January 1997 through the present and continuing until such time as he returns to work or until further order of the Commission. G.S. 97-29.
4. As the result of his 24 October 1996 injury by accident, plaintiff is entitled to have defendants pay for all related medical expenses incurred. G.S. 97-25. Plaintiff is in need of continued medical treatment and Dr. Cook is hereby approved as plaintiffs treating physician. Id.
 ************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay to plaintiff ongoing total disability compensation at the rate of $343.89 per week for the period of 27 January 1997 through the present and continuing until such time as he returns to work or until further order of the Commission. From the amounts having accrued, this shall be paid to plaintiff in a lump sum. This compensation is subject to the attorneys fee approved herein.
2. Defendants shall pay for all medical expenses incurred by plaintiff as the result of his 24 October 1996 injury by accident. Plaintiff is in need of continued medical treatment and Dr. Cook is hereby approved as plaintiffs treating physician.
3. A reasonable attorneys fee of twenty-five percent (25%) of the compensation awarded to plaintiff is approved for counsel for plaintiff. From the compensation having accrued, this fee shall deducted from the amounts due plaintiff and paid directly to counsel for plaintiff, with counsel for plaintiff receiving every fourth check thereafter.
4. Defendants shall pay the costs.
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_________________ THOMAS J. BOLCH COMMISSIONER
S/__________________ DIANNE C. SELLERS COMMISSIONER